IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| | : | |
| ASHLAND REGIONAL MEDICAL CENTER, TRI COUNTY HEALTH SYSTEM, INC., FAMILY HOME MEDICAL, INC., FAMILY HOME MEDICAL SUPPORT SERVICES, INC., and TRI-COUNTY PHYSICIAN GROUP, INC., | : | BANKRUPTCY NO.: 1-01-bk-01698 |
| | : | |
| DEBTORS-IN-POSSESSION | : | |

**********************************************************************

| | | |
|---|---|---|
| SOVEREIGN BANK CORPORATION | : | {**Nature of Proceeding**: Motion of Debtors to Dismiss Complaint ... as to the Debtors and the Estate (Doc.# 4) **AND** Defendant's Motion to Dismiss ... Complaint (Doc. #5) |
| PLAINTIFF | : | |
| vs. | : | |
| THE QUANDEL GROUP, INC., | : | |
| DEFENDANT | : | **ADVERSARY NO.: 1-06-ap-00099** |

# OPINION

The Plaintiff, Sovereign Bank Corporation, has filed a Complaint against The Quandel Group, Inc. entitled "Complaint of Sovereign Bank Corporation for Declaratory, Injunctive and Other Relief in Aid of Enforcement of Final Order of Bankruptcy Court, including, in the Alternative, Permission to Amend its Proof of Loss." The background of this two count Complaint centers around a construction project wherein Quandel contracted with the Debtor, Ashland Regional Medical Center, Inc., to build a medical facility in Ashland, Pennsylvania. Main Street Bank, predecessor to Sovereign, provided the financing for the project. It appears from the Complaint that Quandel filed a proof of claim in the Debtor's bankruptcy which was subsequently settled by Stipulation approved

by this Court. By settling with the Debtor, Quandel apparently released all claims against the Debtor, but then sued Sovereign in state court. Sovereign, in reaction to the state court litigation, brought the current Complaint, alleging that Quandel has no remaining claims relative to the project and, therefore, could have no claims against Sovereign, the Debtor's lending institution. In the alternative, Sovereign claims that if all claims of Quandel were not released, then the bankruptcy court Stipulation was "incomplete, materially misleading and deceptive . . .." Count I of the Complaint asks for Declaratory Relief. Count II asks me to enjoin the state court from adjudicating the rights of the parties.

Paragraph 54 of the Complaint seems to summarize Sovereign's prayer for relief by suggesting that Sovereign is

> entitled to an Order declaring and determining that: (a) Debtor would be liable as "co-debtor" and to indemnify Sovereign against claims asserted by Quandel in the state action, which are claims for work done and materials supplied to the Site and not paid for by Debtor; and (b) all claims of Quandel for improvements to the Site for which Debtor may be liable, directly or indirectly, whether as co-debtor or indemnitor are finally determined and dismissed by this Court's prior order, including specifically all claims against Sovereign asserted in the Sovereign Action; or alternatively, (a) authorizes Main Street to file an amended and secured proof of claim, payable as estate administration expense to the extent unsecured for the remaining sums, if any, owed Quandel for the construction of improvements on the Site; or in the further alternative; (b) to void the stipulated Order as the result of fraud or mistake and require Quandel to refund the $115,000 settlement payment it received and restore the parties to the *status quo ante*.

Quandel has moved to dismiss this Complaint under Federal Rule of Civil Procedure 12, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012. The Debtor, despite not being named a party, has also moved for dismissal.

The thrust of the Defendant's argument is that I have no jurisdiction to dispose of this Complaint, and, even if I do, then I should abstain since the state court litigation between the parties has been ongoing well before the current adversary was initiated.

It is fairly clear that my jurisdiction to enforce an agreement does not arise merely because I approved a settlement in a litigation in which I did have jurisdiction. Absent retention of jurisdiction over a settlement, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 382, 114 S.Ct. 1673, 1677, 128 L.Ed.2d 391 (1994). The Order approving the settlement must either expressly retain jurisdiction over the agreement or incorporate the terms of the agreement in the order. *In re Phar-Mor, Inc. Securities Litigation,* 172 F.3d 270, 275 (C.A.3 (Pa.) 1999).

Of course, I can always rely on the provisions of 28 U.S.C.A. § 1334 for my jurisdictional authority. That provision allows a bankruptcy court's jurisdiction to attach to cases arising in, arising under, and related to a pending bankruptcy case. Matters "arising in" and "arising under" are said to be core matters. These are matters that would not exist in the absence of a bankruptcy case. *In re Yagow*, 53 B.R. 737 (Bankr.D.N.D. 1985). Examples of core matters are set forth in 28 U.S.C.A. § 157(b)(2). Those examples include the allowance or disallowance of claims. It was the settlement of a claim that Sovereign is now seeking to "enforce." Nevertheless, Sovereign was not a party to that settlement, although they may have had standing to object to that settlement should they have chosen. *Fry's Metals, Inc. v. Gibbons (In re RFE Industries, Inc.)*, 283 F.3d 159, 164 (3rd Cir. 2002). As indicated earlier, however, merely because I had jurisdiction of the underlying matter does not vest me with jurisdiction to entertain the

enforcement of the settlement, especially by a non-party.

The essence of Count I of the adversary is to obtain a court ruling that the claims of Quandel against Sovereign are satisfied. That issue neither arises in or under the bankruptcy but involves state law consideration of the various contracts entered into by the parties to the adversary, neither of which is the Debtor.

The only other basis for jurisdiction requires that the matter be "related" to the pending bankruptcy. 28 U.S.C.A. § 1334(b). "Related to" jurisdiction is present where "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (C.A.Pa.,1984). Sovereign suggests that there are common issues of fact between the state litigation and the claims litigation that was settled. Common issues of fact, however, do not bring the matter within the scope of 28 U.S.C.A. § [1334][1]. *Id.* at 994. Nor will the potential of an indemnification claim against the Debtor necessarily bring this adversary within bankruptcy jurisdiction. *Id.* at 995.

With the Debtor having heretofore resolved the claims against it by both Quandel and Sovereign, it appears unlikely that the current litigation would affect the Debtor's estate, based on the current state of the record.

Count II asks me to enjoin the state court from proceeding with the Quandel - Sovereign litigation on the theory that these issues have been decided by the federal court, referencing the same settlement that was the subject matter of Count I.

The Anti-Injunction Act operates as a bar from interference with state court

---

[1] Original reference was to 28 U.S.C.A. § 1471(b), the predecessor statute.

proceedings by federal courts.  Exceptions are allowed when specifically authorized by Congress, where necessary in aid of the federal court's jurisdiction and to protect or effectuate its judgments.  28 U.S.C.A. § 2283.  In this case, however, the only claim that was litigated was the proof of claim of Quandel which was settled between Debtor and Quandel with no specific findings by the bankruptcy court.  The state court litigation is between Sovereign and Quandel.  There appears to be nothing decided in bankruptcy court except the amount of Quandel's claim in bankruptcy court.  The state court certainly has no jurisdiction to rehear that issue and is, apparently, not being asked to adjudicate that issue.  I don't appreciate how the advancement of the state court proceeding can alter the settlement arrived at in bankruptcy court.  Therefore, I see no rationale to invoke this Court's jurisdiction to enjoin a state court proceeding addressing matters outside the proof of claim.  I find that the Anti-Injunction Act prohibits me from interfering with the state court.  Count II must fail.

Sovereign is also seeking to "void the stipulated Order as a result of fraud or mistake."  This is a topic specifically within the purview of Federal Rule of Civil Procedure 60 made applicable by Federal Rule of Bankruptcy Procedure 9024.  As such, this topic would, typically, come before me by way of motion, as provided in Rule 9024.  Of course, both fraud and mistake allegations have a one year limitation set out in Rule 9024.

Nevertheless, while enforcement of the settlement stipulation may not be within my jurisdictional purview, Sovereign's request to file an amended claim is clearly a core matter.  Such request hardly requires the adversary machinery under Federal Rule of Bankruptcy Procedure 7001.

For the reasons indicated, the Complaint will be dismissed without prejudice to the Plaintiff filing a Motion for allowance to file an amended claim.

An Order will follow.

Date: October 16, 2007

John J. Thomas, Bankruptcy Judge

(CMS)

This opinion is electronically signed and filed on the same date.